J-S16039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELIZABETH A. KRESS | : | |
| | : | |
| Appellant | : | No. 990 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 12, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-SA-0000081-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELIZABETH A. KRESS | : | |
| | : | |
| Appellant | : | No. 991 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 12, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-SA-0000082-2024

BEFORE:   LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: JULY 18, 2025**

Elizabeth A. Kress ("Kress") appeals *pro se* from the judgments of sentence imposed following her non-jury trial convictions of defiant trespass and scattering rubbish.[1]  We affirm.

---

[1] 18 Pa.C.S.A. §§ 3503(b)(1)(ii), 6501(a)(1).

The Commonwealth charged Kress, on separate trial dockets, with the summary offenses of defiant trespass and scattering rubbish.  The Magisterial District Court found her guilty, and Kress appealed to the Court of Common Pleas (the "trial court").  Accordingly, the trial court conducted a trial *de novo*, at which Kress appeared *pro se*.[2]

The relevant facts of this appeal are as follows. On the day of trial,  the trial court advised the parties that it could not hear the matter until that afternoon.  The Commonwealth requested a continuance: "[I]t's completely up to Your Honor, I understand in speaking with the officers it was mentioned that this is coming off [*sic*] of one of the late shifts, so if it is equally doable to have this scheduled on another day, we would[ not] object."  N.T., 6/12/24 A.M., at 3.[3]  Kress responded her aunt was in hospice care and thus she "prefer[red] to have it [that day] if [they] possibly can."  **Id**.  The trial court stated it would "pos[e] a hardship for the officers to have to come back," to

---

[2] The Commonwealth also prosecuted a third summary charge against Kress at the same trial, of driving an unregistered vehicle.  **See** 75 Pa.C.S.A. § 1301(a).  The trial court found her guilty.  Kress did not appeal from that conviction.

[3] The certified record contains two volumes of testimony dated July 12, 2024. For identification purposes, the first is entitled simply "TRANSCRIPT OF PROCEEDINGS," spans four pages, and documents only the brief morning exchange concerning scheduling.  For ease of review, we cite this volume as "N.T., 6/12/24 **A.M.**"

The second volume is titled, "TRANSCRIPT OF PROCEEDINGS," with a second line, "SUMMARY APPEAL."   It spans ninety-one pages and encompasses the trial.  We cite this volume as "N.T., 6/12/24 **P.M.**"

which Kress stated, "It's also a hardship for me, Your Honor." *Id*. at 4.  The court agreed to conduct trial that afternoon, stating, "We have to scramble with what we're doing here.  We have the whole day, so we have to use the whole day." *Id*.  The court thus directed Kress to return by 2:00 P.M., and she complied.

At trial later that day, the Commonwealth presented the following testimony by Christopher Hunsinger ("Hunsinger").  Hunsinger owned a home in Drums, Luzerne County, "which was separated from property owned by Kress by a parcel of land."  Trial Court Opinion, 11/25/24, at 1.  In 2021, Hunsinger purchased that middle parcel.  *See* N.T., 6/12/24 P.M., at 24.  In April 2023, Hunsinger engaged surveyors to demarcate the borders of his property.  They inserted stakes and Hunsinger posted "no trespassing" signs. *Id*. at 28.  "Within a week," the "no trespassing" signs, as well as the surveyor stakes "not directly in view" from Hunsinger's house or the road, "vanished." *Id*.

The Commonwealth presented a photograph, which Hunsinger described as showing the stakes and "no trespassing" signs. *Id*. at 28, 30. Kress objected, first arguing she had not previously seen the photograph.  The trial court responded, "He just showed [it] to you," and Kress further claimed, "[N]o one came back to me with the clarification of what's on this picture." *Id*. at 30.  The court pointed out that Hunsinger "just testified to what's depicted on the picture." *Id*.  Kress then argued the photograph did not in

fact show a "no trespassing" sign. *Id*. at 30-31. The trial court overruled the objection.

The Commonwealth also presented photographs, taken from cameras that Hunsinger placed on his property, which showed Kress "spreading rotted, decaying organic matter on [his] property." *Id*. at 26. Hunsinger testified the photographs also showed "the bags as [they] are being emptied [and] the progression of the spreading of the waste." *Id*. at 31. During this direct examination of Hunsinger, Kress denied she was the person in the photograph, arguing she did not "own a jean jacket" and alleging "Photoshopping." *Id*. at 32. The trial court struck her comments. Finally, the Commonwealth presented five videos, each approximately ten seconds long, taken from a camera in a different location. Hunsinger similarly identified Kress in the video as the person scattering rubbish. *Id*. at 61-62.

Kress conducted a *pro se* cross-examination of Hunsinger. Through her questioning, Kress attempted to argue Hunsinger: was "under investigation for making false 911 calls;" "lied to the police" about her; reported her for scattering rubbish in order to "get . . . the police to come to [her] house;" and was "obsessed with [her] and [was] creating all of these issues."[4] N.T.,

_____

[4] The trial court sustained numerous objections to Kress' additional line of questioning. For example, Kress asked Hunsinger: when they first met; whether she parked her car "at the top of [her] driveway;" whether the middle parcel of land was "pretty much a non-buildable lot;" whether Hunsinger bought "that lot just to harass" her; and whether he "ever talked to [his] wife
*(Footnote Continued Next Page)*

- 4 -

6/12/24 P.M., at 37, 44, 62.  Hunsinger denied all of these.  Kress also alleged, without further explanation, "[Y]ou all had your little powwow over here earlier trying to get all the story together [*sic*]," and asked Hunsinger if anyone "told [him] what [his] answer was supposed to be" at trial.  *Id*. at 40.  Hunsinger denied being coached in his testimony.

Kress did not testify in her own defense, but called as a witness Butler Township Police Officer Devan DeFrain.  In response to her questions, Officer DeFrain testified to the following.  In investigating Hunsinger's report, the officer watched a video of someone resembling Kress "scattering material on" Hunsinger's property.  *Id*. at 66.  Officer DeFrain also observed, on Hunsinger's property, "what appeared to freshly scattered decaying and stinky material with plastic intertwined in it."  *Id*.  The officer did not take any photographs of it.  Additionally, Officer DeFrain observed, on Hunsinger's property, "yellow no trespassing signs . . . with the wording" faced toward Kress' property.  *Id*. at 78.  He also observed "no trespassing" signs on Kress' property.

Finally, we summarize that at trial, Kress asked for "clarification" of the definition of "rubbish," arguing, "[T]he Commonwealth has still not given me

---

about building a house even closer to" Kress.  N.T., 6/12/24, at 42, 45, 48, 49, 61.  Throughout the examination, the trial court advised Kress that she was "ask[ing] nonsensical and nonrelevant questions" and "going around in . . . circles."  *Id*. at 53.

a description of rubbish." N.T., 6/12/24 P.M., at 63, 64. In response, the trial court explained:

> Well, what you're charged with is a person is guilty of an offense if he causes any waste paper, sweepings, ashes, household waste, glass, metal, refuse, or rubbish, or any dangerous or detrimental substance to be deposited into or upon any road, street, highway, alley, or railroad right-of-way, or upon the land of another or into the waters of this Commonwealth.

*Id*. at 64. Kress did not make any further objection.

The trial court found Kress guilty of both charges — defiant trespass and scattering rubbish. The court then immediately imposed fines of $100 on each count. Kress did not file a post-sentence motion but filed timely notices of appeal at each docket.[5] At the court's direction, she filed Pa.R.A.P. 1925(b) statement of errors complained of on appeal. This Court *sua sponte* consolidated the appeals.

Kress presents six issues for our review:

1. Was it prosecutorial/judicial misconduct when [the trial court] retaliated and found [Kress] guilty simply because she preferred to not have her hearings postponed to yet another date?

2. Was it prosecutorial/judicial misconduct when [the trial court] conducted three illegal *ex parte* meetings with the Commonwealth?

---

[5] *See Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018) (holding that Pa.R.A.P. 341(a) requires, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed[, and t]he failure to do so will result in quashal of the appeal").

- 6 -

3. Was it prosecutorial/judicial misconduct when [the trial court] actively tried to prevent [Kress] from seeing Commonwealth evidence before it was admitted into evidence?

4. Was it prosecutorial/judicial misconduct when [the trial court] admitted pictural evidence that carried no evidentiary weight whatsoever of [Kress] committing any crimes whatsoever?

5. Was it prosecutorial/judicial misconduct when [the trial court] knew of and used absolutely unreliable Commonwealth witness testimony as . . . a means to intentionally convict her?

6. Was it prosecutorial misconduct for the Commonwealth to bring these bogus charges against [Kress] into Commonwealth Court [*sic*] in the first place and with no evidence whatsoever?

Kress' Brief at 2 (unnecessary capitalization omitted and issues reordered for ease of review).

Preliminarily, we consider the trial court's suggestion that this Court should find all of Kress' issues waived for a deficient Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring the Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue"), (vii) (providing that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). The trial court reasoned:

Here, Kress'[] Rule 1925(b) statement does not concisely identify each error that she intends to assert on appeal. Instead, it is a rambling and disjointed narrative, filled with self-serving allegations that either have nothing to do with this case or, if they do, are in outright conflict with the record. The Statement consists of little more than name calling, vitriol, bald allegations of conspiracy and collusion by various government officials, mischaracterizations of the testimony given at trial, and threats aimed at the Commonwealth, its witnesses, and the court. In it,

Kress tells and retells her version of what occurred in this case and why. . . .

Trial Court Opinion, 11/25/24, at 4 (footnote and unnecessary capitalization omitted).

On appeal, Kress does not acknowledge, let alone dispute, the trial court's reasoning. We agree with the trial court that Kress' eleven-page Rule 1925(b) statement is disjointed and repetitive. Nevertheless, we decline to find waiver on this basis, but conclude Kress has waived all of her issues on other grounds.

Relatedly, we observe that Kress' appellate brief suffers many of the same defects as her Rule 1925(b) statement. Her discussion consists of numerous allegations, each one to three sentences long, jumping from issue to issue in a non-linear fashion. Kress also conflates issues, for example, by purporting to object to the admission of evidence on the grounds the evidence was not credible. Finally, Kress fails to cite or discuss any legal authority in support of her myriad claims. We observe:

> "[A]lthough this Court is willing to construe liberally materials filed by a pro se litigant, *pro se* status generally confers no special benefit upon an appellant." "[A] pro se litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." "[A]ny layperson choosing to represent himself [or herself] in a legal proceeding must, to some reasonable extent, assume the risk that his [or her] lack of expertise and legal training will prove his [or her] undoing."

***Smithson v. Columbia Gas of PA/NiSource & Maple Grove Enters.***, 264 A.3d 755, 760 (Pa. Super. 2021) (citations omitted). We review Kress'

arguments in the order she presents them in her Statement of Questions Involved, as well as the additional claims not included in her Statement.

In her first issue, Kress asserts the trial court retaliated against her for refusing to reschedule trial.

In her second issue, Kress alleges the Commonwealth engaged in "blatant prosecutorial misconduct," facilitated by the trial court, by having improper *ex parte* communications. Kress' Brief at 7. She asserts that the trial court "grant[ed] three *ex parte* meetings with the Commonwealth as she watched and after the meetings she was summoned to the bench." *Id*. at 7.

Additionally, Kress challenges the trial court's stating, in response to her comments at trial, the elements of the offense of scattering rubbish. The premise of her claim appears to be a belief that this was solely the Commonwealth's duty. In any event, Kress contends the trial court violated the principle of judicial neutrality and "over-stepped to help the Commonwealth with its case." *Id*. at 5-6.

We determine Kress has waived all these claims for failure to raise them before the trial court, and failure to cite or discuss any legal authority. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). In addition, the argument section of a brief shall include "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). It is an appellant's duty to present arguments sufficiently developed for our review, and "[t]his Court will not act as counsel

and will not develop arguments on behalf of an appellant." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007).

First, with respect to the Commonwealth's request for a continuance, Kress objected, and the trial court ruled in her favor. Neither the parties nor the trial court made any further reference to the scheduling of trial, and importantly, Kress made no claim at any time that the trial court took "revenge upon her for not postponing" trial. Kress' Brief at 4. Accordingly, Kress has waived this issue. **See** Pa.R.A.P. 302(a).

With respect to Kress' claims of *ex parte* meetings, the trial record similarly does not include any such objection. **See id**. Moreover, there is no indication in the record that that "*ex parte* meetings" ever occurred. "A judicial proceeding, order, injunction, etc., is said to be *ex parte* when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by any person adversely interested."[6] **Commonwealth v. McCullough**, 230 A.3d 1146, 1159 (Pa. Super. 2020). At trial, Kress accused Hunsinger of having a "powwow . . . earlier trying to get all the story together [*sic*]," and Officer DeFrain of being "part of the little group meeting over here earlier." N.T., 6/12/24 P.M., at 40, 65. These comments, without any explanation or even a claim that the trial court

---

[6] **See also** Black's Law Dictionary (9th ed. 2009) (defining an *ex parte* communication as "a communication between counsel and the court when opposing counsel is not present").

- 10 -

participated in the alleged meetings, do not preserve a claim of improper *ex parte* communication. **See** Pa.R.A.P. 302(a). Finally, we note Kress does not cite any authority prohibiting a prosecutor from talking with their witness or a police officer associated with the case.

In her third issue, Kress avers the trial court erred in "prevent[ing her] from seeing [the] Commonwealth evidence before it as admitted into evidence." Kress' Brief at 2. However, Kress offers no discussion of this claim in the argument section of her brief. Thus, she has waived it for our review. **See** Pa.R.A.P. 2119(a).

In her fourth issue, Kress claims the trial court erred in admitting "three . . . irrelevant, non-evidentiary pieces of evidence[.]" Kress' Brief at 5. She alleges that none of the Commonwealth's evidence "depict[ed] a single no[-]trespassing sign or signs of scrap paper, metal, or glass as defined by [the trial court] [*sic*]." **Id**. at 6.

We note Kress did raise such an objection at trial — that the Commonwealth's photographs did not show, as Hunsinger testified, no-trespassing signs. **See** N.T., 6/12/24 P.M., at 30-31. However, on appeal, she fails to cite or discuss any relevant authority in support of her claim. **See** Pa.R.A.P. 2119(a). Thus, she has waived this issue. In any event, it appears Kress has conflated the admission of the evidence with the weight the court should have afforded it. Hunsinger testified that the photographs showed the no-trespassing signs he placed on his property. The trial court saw the

photograph and was free to weigh both the photograph and the testimony. *See Commonwealth v. Hartzell*, 988 A.2d 141, 143 (Pa. Super. 2009).

In her fifth issue, Kress contends the trial court erred in accepting "unreliable Commonwealth witness testimony . . . to intentionally convict her." Kress' Brief at 2 (unnecessary capitalization omitted). Kress claims the Commonwealth's primary witness, Hunsinger, "was a divorced, bitter, single man,"[7] who "filed unbelievable charges against her" and gave contradictory testimony regarding his own residence and the property line. *Id*. at 7-8. Kress further asserts that her witness Officer Defrain was contradictory, particularly regarding the presence of "no trespassing" signs. *Id*. at 9. Further, Kress argues Officer Defrain failed to take photographic evidence of any alleged violations, which "any reasonable person" would have done. *Id*. at 10-11. Moreover, Kress contends the Commonwealth failed to meet its burden of proof, presenting no reliable direct or circumstantial evidence.

Kress' arguments go to the weight of the evidence supporting her convictions. Pennsylvania Rule of Criminal Procedure 607(A) provides:

> A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;
> >
> > (2) by written motion at any time before sentencing; or
> >
> > (3) in a post-sentence motion.

---

[7] We reiterate, however, that at trial, Kress cross-examined Hunsinger about his alleged discussions with his wife. *See* N.T., 6/12/24 P.M., at 61.

- 12 -

Pa.R.Crim.P. 607(A)(1)-(3).

Here, Kress did not raise any challenge to the weight of evidence, following the trial court's announcement of the verdict. ***See*** N.T., 6/12/24 P.M., at 90-91. Additionally, she did not file a post-sentence motion. Accordingly, she has waived this issue for our review. ***See*** Pa.R.Crim.P. 607(A)(1)-(3). Moreover, even if Kress had properly preserved her claim, her appellate brief is deficient, as she has not included any citation or discussion of pertinent authority. ***See*** Pa.R.A.P. 2119(a). Although Kress is a *pro se* litigant, she is not absolved from adhering to these rules. ***See Smithson***, 264 A.3d at 760. In any event, the trial court was free to believe all or none of the evidence presented, and "we may not weigh the evidence and substitute our judgment for the fact-finder." ***Hartzell***, 988 A.2d at 143.

In her final issue, Kress avers the Commonwealth failed to present sufficient evidence to support her convictions of scattering of rubbish and defiant trespass. Again, we note Kress asserts that "[n]ot one of the Commonwealth's three pieces of evidence . . . depict[ed] a single no[-]trespassing sign or signs of scrap paper, metal, or glass." ***Id***. at 6. Further, Kress claims the Commonwealth's evidence were only "depictions of [her] spreading her own homemade compost over her own bed of perennial Mayapple plants that are entirely on [her] own property." ***Id***.

We first note defendant may challenge the sufficiency of the evidence to sustain a conviction for the first time on appeal. ***See*** Pa.R.Crim.P.

606(A)(7). Nevertheless, it is well-established that "any issues not raised in a [Rule] 1925(b) statement will be deemed waived" for appellate review. *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). An appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii). This Court has explained:

> If [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the [Rule] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a Rule] 1925(b) statement [] does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal].

*Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted). "[S]uch specificity is of particular importance in cases where . . . the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009).

Here, Kress' court-ordered Rule 1925(b) statement includes a claim that she "was only ever raking her very own homemade compost . . . and she only spreads it on her very property." Kress' Matters Complained of on Appeal, 10/4/24, at 2. Kress failed to explain how these alleged facts — which she did not claim at trial — related to the elements of each offense. We conclude Kress' Rule 1925(b) statement failed to "specify the element or elements upon which the evidence was insufficient" to support her conviction. *Tyack*, 128

A.3d at 260 (citation omitted). As a result, Kress has also waived this claim for appeal. *See id*. Moreover, Kress' brief similarly fails to discuss the elements of the offenses, or indeed any relevant legal authority. *See* Pa.R.A.P. 2119(a).

For the foregoing reasons, we determine no relief is due on any of Kress' claims. Thus, we affirm the judgment of sentence.

Judgment of sentence affirmed.

President Judge Lazarus joins the memorandum.

Judge Bowes concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/18/2025